# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 12, 2023

Lyle W. Cayce
Clerk

———————————

No. 22-20331
Summary Calendar

———————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ERYC JARROD HENDERSON,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-262-1

———————————————————————

Before SMITH, WIENER, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Eryc Jarrod Henderson pleaded guilty, without a plea agreement, to possessing a firearm after a felony conviction. The district court sentenced him within the advisory guidelines range to 78 months of imprisonment and three years of supervised release. Henderson now appeals.

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-20331

As he did in the district court, Henderson argues that the policy statement at U.S.S.G. § 5K1.1 violates the Eighth Amendment because it does not allow the district court to apply a downward departure under the provision absent a government motion indicating that the defendant provided substantial assistance. However, as the district court expressly recognized at Henderson's sentencing hearing, the "sentencing court has the power to consider a defendant's cooperation under [18 U.S.C.] § 3553(a), irrespective of whether the Government files a § 5K1.1 motion." *United States v. Robinson*, 741 F.3d 588, 599 (5th Cir. 2014). Thus, contrary to Henderson's argument, § 5K1.1 does not prevent the district court from considering and giving effect to a defendant's cooperation with the Government as mitigating evidence. *See Penry v. Lynaugh*, 492 U.S. 302, 318-19 (1989), *abrogated on other grounds by Atkins v. Virginia*, 536 U.S. 304 (2002); *Robinson*, 741 F.3d at 599-600.

AFFIRMED.